Motion to Dismiss.
The opinion of the court was delivered by
Fenner, J.
The motion is based on three grounds, of which the first is that, by the fault of appellant, appellees were not cited.
The appeal was not by motion in open court, but by petition, and, under the plain terms of the Code of Practice, citation was necessary.
Appellants’ contention that the concluding sentence of Art. 574, C. P., which says: “In such case no citation of appeal or other notice *717 shall be necessary,” applies as well to appeals by petition as to those by motion in open court, provided the petition be filed at the same term with the judgment, has no merit. The article has been too often eonstrued-in a contrary sense to leave such question open.
The failure to cite the appellees is stated in the clerk’s certificate to be due to appellant’s failure to furnish the necessary stamps therefor. The law requires such stamps, and made it the duty of appellant to furnish them.
The absence of citation is therefore clearly imputable to his fault.
It is elementary that when, by appellant’s fault, the appellees have not been cited, the appeal must be dismissed.
Appellant claims a waiver of this exception by two causes:
1. That, in the lower court, before the return day of the appeal, appellees appeared in the lower court and moved the dismissal of the appeal on the grounds cognizable there. As this took place before the time for service of citation had expired, and before the appellees knew that there would .be a failure to cite, it is clear it can not operate any such waiver.
2. That, in the motion to dismiss, he embodied other grounds than that of want of citation. The first ground urged is the want of citation, and the other grounds stated follow.
The rule that appearance for any other purpose than to except to want of citation is, in ordinary suits, a waiver of the latter defect, can not apply in this case. The law required the appellees to file all their grounds for dismissal within the limited delay of three days. They could not, as in ordinary suits, stand on their plea of want of citation, and abide its determination before filing other pleas. Any grounds which they failed to file within the three days were irrevocably abandoned. • The law imposed no such penalty upon the exercise of their right to urge the absence of citation. It only required that they should urge such exception first and in advance of any other. They have the right to have it decided, and, if overruled, then to have their other grounds passed upon.
As we conclude that the want of citation is sufficient ground for dismissing the' appeal, the other grounds pass out of view.
Appeal dismissed.